**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Ernest C. Young

Case No.: 17-23830  
Judge: JNP

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  Date: 01/03/2019  
☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER  
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: NLO    Initial Debtor: ECY    Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ __502.00__ per __month__ to the Chapter 13 Trustee, starting on __January 1, 2019__ for approximately __24__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☐   Future earnings

☒   Other sources of funding (describe source, amount and date when funds are available):

Social security plus $8,528.00 paid to date

c. Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

      a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 400.00 additional |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Colonial Savings | 420 Myrtle Ave. Lindenwold, NJ | $12,484.75 | 0% | $12,484.75 (current balance is $8,145.50) | $1200.00 |
| Ally Financial | 2006 Jeep Liberty | $1512.42 plus legal fees and costs of $531.00 added to plan | 0% | $1512.42 plus legal fees and costs of $531.00 | $245.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Fidelity National Title Insurance Company (previously granted) | 420 Myrtle Ave. Lindenwold, NJ | $70.791.00 | $67.200 | $113,000.00 | $0.00 | 0% | $0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:   Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:   Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Fidelity National Title Insurance Company (previously granted) | 420 Myrtle Ave. Lindenwold, NJ | Judgment lien DJ-105771-14 | $70,791.00 | $67,200.00 | $0.00 | $113,000 | $70791.00 plus any additional interest and costs |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Law Offices of Nona L. Ostrove, LLC
3) Secured creditors
4) Unsecured creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:   Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: July 7, 2017                                  .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan is being modified to extend payments to accommodate the additional monies owed to Ally Financial incorporated into plan pursuant to Order on Motion for Relief from stay and debtor's counsel fees to defend the motion. | Plan payment remains the same.  Plan payments extended to add five months to provide for payment to Ally Financial and counsel for debtor |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: January 3, 2019

/s/Ernest C. Young
Debtor

Date: _____

_____
Joint Debtor

Date: January 3, 2019

/s/Nona L. Ostrove
Attorney for Debtor(s)

```
                      United States Bankruptcy Court
                           District of New Jersey

In re:                                                   Case No. 17-23830-JNP
Ernest C Young                                           Chapter 13
         Debtor                   CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2              Date Rcvd: Jan 04, 2019
                              Form ID: pdf901          Total Noticed: 40


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 06, 2019.
db           +Ernest C Young,    420 Myrtle Ave.,    Lindenwold, NJ 08021-1748
516926825     Apex Asset Management L.L.C.,    2501 Oregon Pike,    Suite 102,    Lancaster, PA 17601-4890
516926826    +Arcadia Recovery Bureau, LLC,    PO Box 6768,    Wyomissing, PA 19610-0768
517100296     C&H Collection,    PO Box 1399,    Merchantville, NJ 08109-0399
516926830     Colonial  Savings F.A.,    PO Box 1301,    Fort Worth, TX 76101-1301
517100297     Cooper University Health Care,    PO Box 95000-4345,    Philadelphia, PA 19195-4345
516926834    +Dana B. Ostrovsky, Esq.,    Fidelity National Law Group,    1515 Market Street, Suite 1410,
               Philadelphia, PA 19102-1913
516926835    +David Cuneo, Esq.,    885 Haddon Ave.,    Collingswood, NJ 08108-1941
516926836     Emerg Phy Assoc of S. Jersey, PC,    PO Box 1109,    Minneapolis, MN 55440-1109
516926837    +Eye Physicians PC,    1140 White Horse Road,    Suite #1,    Voorhees, NJ 08043-2106
516926838    +Faloni & Associates, LLC,    165 Passaic Ave,    Suite 301B,    Fairfield, NJ 07004-3592
516926839    +Fidelity National Title Insurance Co.,    1515 Market Street,    1325,
               Philadelphia, PA 19102-1930
516926840    +Fidelity National Title Insurance Co.,    601 Riverside Ave.,    Jacksonville, FL 32204-2945
516926841    +First Premier Bank,    3820 N. Louis Ave..,    Sioux Falls, SD 57107-0145
516926843    +Gem Ambulance Service,    1750 Cedar Bridge Ave.,    Lakewood, NJ 08701-6921
516926844     Jewell Devereaux II,    1041 Belmont Ave.,    Philadelphia, PA 19104-1211
517100298     John D. Kernan, D.M.D.,    658 Cumberland Blvd.,    Westmont, NJ 08108-3642
516926846    +KML Law Group, P.C.,    216 Haddon Ave.,    Suite 406,    Collingswood, NJ 08108-2812
516926845    +Kayla Gamar-Young,    420 Myrtle Ave.,    Lindenwold, NJ 08021-1748
516926849    +PennSTAR,    3400 Spruce Street,    HUP, Ravdin Bldg. 10th Floor,    Philadelphia, PA 19104-4238
516926851    +Phoenix Financial Services,    PO Box 361450,    Indianapolis, IN 46236-1450
516926854    +Valentine & Kebartas, LLC,    PO Box 325,    Lawrence, MA 01842-0625

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Jan 04 2019 23:29:43     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 04 2019 23:29:39     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
516972971     E-mail/Text: ally@ebn.phinsolutions.com Jan 04 2019 23:28:51     Ally Financial,
               PO Box 130424,    Roseville MN 55113-0004
516926824    +E-mail/Text: ally@ebn.phinsolutions.com Jan 04 2019 23:28:51     Ally Financial,
               PO Box 380901,    Minneapolis, MN 55438-0901
517100295    +E-mail/Text: bkrpt@retrievalmasters.com Jan 04 2019 23:29:38
               American Medical Collection Agency,    4 Westchester Plaza,    Building 4,
               Elmsford, NY 10523-1615
516926828     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 04 2019 23:26:19     Capital One,
               PO Box 30281,    Salt Lake City, UT 84130-0281
516926831    +E-mail/Text: bankruptcydesk@colonialsavings.com Jan 04 2019 23:30:04     Colonial Savings F.A.,
               2626 West Freeway,    Suite 1900,    Fort Worth, TX 76102-7109
517156917    +E-mail/Text: bankruptcydesk@colonialsavings.com Jan 04 2019 23:30:04     Colonial Savings, F.A.,
               2626 W FWY,    Fort Worth, TX 76102-7109
516926832     E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jan 04 2019 23:29:27     Comenity Bank,
               Attn: Bankruptcy Dept,    PO Box 182125,    Columbus, OH 43218-2125
516926833     E-mail/PDF: creditonebknotifications@resurgent.com Jan 04 2019 23:26:49     Credit One Bank,
               PO Box 98873,    Las Vegas, NV 89193-8873
516926847    +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 04 2019 23:27:16     LVNV Funding, LLC,
               PO Box 10497,    Greenville, SC 29603-0497
517075212     E-mail/PDF: resurgentbknotifications@resurgent.com Jan 04 2019 23:37:35
               LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517075185     E-mail/PDF: resurgentbknotifications@resurgent.com Jan 04 2019 23:27:15
               LVNV Funding, LLC its successors and assigns as,    assignee of Santander Consumer USA,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516926852     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 04 2019 23:27:10
               Portfolio Recovery,    120 Corporate Blvd.,    Norfolk, VA 23502
517155725     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 04 2019 23:48:45
               Portfolio Recovery Associates, LLC,    c/o Modells,    POB 41067,    Norfolk VA 23541
517087282    +E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 04 2019 23:29:57     Premier Bankcard, LLC,
               Jefferson Capital Systems, LLC Assignee,    PO BOX 7999,    SAINT CLOUD MN 56302-7999
516926853    +E-mail/Text: clientservices@simonsagency.com Jan 04 2019 23:30:19     Simons Agency Inc.,
               4963 Winterstreet Drive,    Liverpool, NY 13088-2176
516926855    +E-mail/Text: bnc-bluestem@quantum3group.com Jan 04 2019 23:30:15     Webbank/Fingerhut,
               6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                               TOTAL: 18

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Jan 04, 2019
                              Form ID: pdf901          Total Noticed: 40

cr*             Ally Financial,    PO Box 130424,    Roseville, MN 55113-0004
516926827*     +Arcadia Recovery Bureau, LLC,    PO Box 6768,    Wyomissing, PA 19610-0768
516926829*      Capital One,    PO Box 30281,    Salt Lake City, UT 84130-0281
516926842*     +First Premier Bank,    3820 N. Louis Ave..,    Sioux Falls, SD 57107-0145
516926848*     +LVNV Funding, LLC,    PO Box 10497,    Greenville, SC 29603-0497
516926850*     +PennSTAR,    3400 Spruce Street,    HUP, Ravdin Bldg. 10th Floor,    Philadelphia, PA 19104-4238
517087305*     +Premier Bankcard, Llc,    Jefferson Capital Systems LLC Assignee,    Po Box 7999,
                 Saint Cloud Mn 56302-7999
                                                                                              TOTALS: 0, * 7, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 06, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 3, 2019 at the address(es) listed below:
```
              Brian C. Nicholas    on behalf of Creditor    Colonial Savings, F.A. bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              David K Cuneo    on behalf of Debtor Ernest C Young cuneoesq@gmail.com
              Denise E. Carlon    on behalf of Creditor    Colonial Savings, F.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Isabel C. Balboa     on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              John R. Morton, Jr.    on behalf of Creditor    Ally Financial ecfmail@mortoncraig.com,
               mortoncraigecf@gmail.com
              Kevin Gordon McDonald    on behalf of Creditor    Colonial Savings, F.A. kmcdonald@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Nona  Ostrove    on behalf of Debtor Ernest C Young nostrove@ostrovelaw.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 9
```