| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**FIDELITY NATIONAL LAW GROUP**<br>105 Eisenhower Parkway, Suite 103<br>Roseland, New Jersey 07068<br>Phone: (973) 863-7171<br>Fax: (973) 535-3407<br>Attorneys for Creditor, Fidelity National Title Insurance Company<br>Conika Majumdar, Esq.<br>L077705<br><br>In Re:<br><br>ERNEST C YOUNG<br><br>                  Debtor | Case No.: 17-23830<br><br>Chapter: 13<br><br>Judge: Jerrold N. Poslusny, Jr.<br><br>**OBJECTION OF FIDELITY NATIONAL TITLE INSURANCE COMPANY TO CONFIRMATION OF DEBTOR'S MODIFIED PLAN** |

I, CONIKA MAJUMDAR, ESQ., do hereby certify as follows:

1. I am an attorney at law of the State of New Jersey associated with Fidelity National Law Group, attorneys for creditor, Fidelity National Title Insurance Company ("Fidelity"), and as such am fully familiar with the facts and circumstances of the within matter.

2. Creditor objects to the confirmation of Debtor's proposed modified plan for the reasons which follow:

    (a) Creditor holds a judgment lien on Debtor's residence commonly known as 420 Myrtle Ave., Lindenwold, New Jersey 08021 ("Property"), in the amount of $70,791.00. As of the date of the bankruptcy filing, Fidelity's total judgment plus interest is $75,781.77.

    (b) Debtor's proposed modified plan indicates that Debtor intends to strip off

Fidelity's judgment lien as wholly unsecured pursuant to 11 U.S.C. § 1322(b)(2). Debtor's proposed modified plan values the Property at $67,200.00. However, online appraisals estimate the value of the Property to be $127,414.00[1]. See, In Re Smith, 2006 WL 4452987 (Bankr. D.N.J. 2006)(holding that the confirmation date shall be the controlling date for valuation). Therefore, Fidelity objects to the confirmation of Debtor's proposed modified plan to strip off Fidelity's judgment lien as wholly unsecured, without further proof from Debtor as to the current valuation of the Property.

(c) Debtor's proposed modified plan and Schedule D of Debtor's petition lists Colonial Savings, F.A., as the only other secured lien on Debtor's Property. Colonial Savings, F.A., has filed a Proof of Claim in the amount of $114,608.75 for its mortgage. See, Claim No. 7. Given that Debtor's proposed modified plan is a cure and maintain plan, Debtor is paying down the mortgage to Colonial Savings, F.A., as the bankruptcy progresses, thereby increasing the amount of equity that can be used to secure Fidelity's judgment lien. Therefore, Fidelity objects to the confirmation of Debtor's proposed modified plan to strip off Fidelity's judgment lien as wholly unsecured, without further proof from Debtor as to the current valuation of the Property.

(d) Furthermore, the Certificate of Service for the proposed modified plan filed by Debtor on January 15, 2019, fails to include Fidelity Title Insurance Company. See, Docket No. 46. Therefore, Fidelity has not properly been served with Debtor's proposed modified plan and motion to avoid lien, and Debtor's proposed modified plan to strip off Fidelity's judgment lien cannot be confirmed.

3. For the reasons stated above, and for any others that the Court deems fit to adopt, Fidelity respectfully objects to Debtor's proposed modified plan and confirmation thereof.

---

[1] Fidelity is in the process of ordering a BPO for Debtor's Property, the results of which will be filed with the Court upon receipt.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                  FIDELITY NATIONAL LAW GROUP
                                  Attorneys for Creditor, Fidelity National Title Insurance Company

Date: January 29, 2019          By: /s/ Conika Majumdar, Esq.